[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11451
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00075-PRL

LARRY E. KUNZ,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 8, 2013)

Before HULL, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Larry E. Kunz appeals the denial of his application for disability insurance

benefits and supplemental security income.  42 U.S.C. §§ 405(g), 1383(c)(3).

Kunz challenges the hypothetical questions posed to the vocational expert.  We

affirm.

Kunz argues that the question posed to the vocational expert failed to

account for Kunz's moderate difficulties in maintaining concentration, persistence,

or pace, but we disagree.  Kunz testified that his functional limitations were

impaired by his troubles sleeping, quick temper, mood swings, and "people

phobi[a]," but the administrative law judge discredited Kunz's "statements

concerning the intensity, persistence and limiting effects of [his] symptoms . . . to

the extent they [were] inconsistent" with his testimony about watching television,

reading, and performing housework daily and with his statements to Dr. Celine

Passeri that he made lists to compensate for his poor memory skills, operated a

vehicle, went on dates occasionally, and volunteered weekly at the American

Legion.  The finding of the administrative law judge was consistent with the

opinions of Dr. Pamela Green and Dr. Theodore Weber, who performed mental

residual functional capacity assessments, that Kunz could understand and

remember simple instructions, concentrate on and perform simple tasks, and

interact with others briefly.  The administrative law judge found that Kunz's

moderate difficulties restricted his ability to work to the extent that he could only

comprehend and perform simple routine tasks and interact with others

2

occasionally, and the administrative law judge included those limitations in the hypothetical question. See Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1181 (11th Cir. 2011) (remanding because the hypothetical question failed to mention that the applicant was limited in concentration, persistence, and pace or to "otherwise implicitly account for the limitation"). The vocational expert understood and considered Kunz's moderate limitations in maintaining concentration, persistence, and pace.

Kunz also argues that the hypothetical questions were incomplete because the administrative law judge did not mention that Kunz had a prosthetic leg that created blisters if worn too long, but again we disagree. The hypothetical questions "need only include the claimant's impairments, not each and every symptom of the claimant." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1270 (11th Cir. 2007) (internal quotation marks and citation omitted). The administrative law judge credited Kunz's testimony that he could not wear his prosthetic leg more than two hours a day and ambulated more easily with crutches or a cane and the opinion of Dr. Sunita Patel, who conducted Kunz's residual functional capacity assessment, that Kunz could stand, walk, and sit six hours a work day and climb ramps and stairs, balance, stoop, kneel, crouch, and crawl occasionally, but never climb ladders, ropes, or scaffolds. The administrative law judge included in his hypothetical questions all the impairments identified by Dr.

Patel and added the restrictions that the hypothetical person underwent a below-the-knee amputation, used a cane to ambulate, and was limited to sedentary work. Although the administrative law judge did not mention Kunz's prosthesis, Kunz asked the vocational expert to assume that the hypothetical person could wear a prosthesis for only two hours a day, and the vocational expert responded that the jobs he identified would not require a worker to ambulate. The vocational expert stated that "some" of the jobs required the worker to sit and stand at will, and the administrative law judge was entitled to find from Kunz's testimony that he could sit and stand at will using his prosthesis, crutches, or cane. The answers of the vocational expert provided substantial evidence to support the finding that Kunz could perform the requirements of a small products assembler, trimmer, nut sorter, or dowel inspector.

We **AFFIRM** the denial of Kunz's application for benefits.